JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8194 PA (JCx) | Date | January 6, 2008 |
|---|---|---|---|
| Title | Young Lee v. Creative Clothing Collection, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Creative Clothing Collection, Inc. and Seoung Joon Choi ("Defendants") on December 11, 2008. Defendants assert that federal subject matter jurisdiction exists on the basis of a federal question. See 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The "burden of establishing federal subject matter jurisdiction is on the party seeking removal." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "The removal statute is 'strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.'" Hofler v. Aetna US Healthcare of Cal., Inc., 296 F.3d 764, 767 (9th Cir. 2002) (quoting Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).

Plaintiffs Young Lee and Pro Pac Distributing Co., Inc. ("Plaintiffs") brought a single cause of action for unfair competition in California state court under California Business & Professions Code §§ 17200–17208. According to Defendants, Plaintiffs "artfully pled" around federal subject matter jurisdiction. Defendants, however, provided no further explanation of this theory. The Court can only assume that Defendants believe Plaintiffs "artfully pled" around a claim for violation of the Lanham Act.

Under the "artful pleading" doctrine, a court may recharacterize a plaintiff's state law causes of action as federal if the particular conduct complained of is governed exclusively by federal law. Redwood Theatres, Inc. v. Festival Enters., Inc., 908 F.2d 477, 479 (9th Cir. 1990). "While perhaps theoretically distinct, the artful pleading doctrine in practice collapses into the complete preemption doctrine, because it can only be said that a claim alleged under state law necessarily arises under federal law where 'the particular conduct complained of [is] governed exclusively by federal law.'" Heichman v. Am. Tel. & Tel. Co., 943 F. Supp. 1212, 1219 (C.D. Cal. 1995) (quoting Redwood Theatres, 908 F.2d

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8194 PA (JCx) | Date | January 6, 2008 |
|---|---|---|---|
| Title | Young Lee v. Creative Clothing Collection, Inc., et al. | | |

at 479 (alteration in original).  This exception to the rules of removal is narrow and is only to be applied in exceptional circumstances.  Redwood Theatres, 908 F.2d at 479.

"It is well established that the party who brings a suit is master to decide what law he will rely upon, and if he can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and defeat removal."  Id. (internal quotation and citations omitted).  That Plaintiffs could state a Lanham Act claim based on the facts alleged does not mean that they must.  Plaintiffs are free to limit their causes of action as they wish.  Accordingly, Defendants have not met their heavy burden to demonstrate that their alleged conduct is governed exclusively by federal law.  See Redwood Theatres, 908 F.2d at 479; Heichman, 943 F. Supp. at 1219.

For the foregoing reasons, the Court remands this action to Los Angeles Superior Court, case number BC396430.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.